UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GARY PRICE THOMAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SONOMA, et al., <br><br> Defendants. | Case No. 17-cv-00245-LB <br><br> **ORDER GRANTING THE DEFENDANTS' MOTIONS TO DISMISS AND DENYING THE PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT** <br><br> Re: ECF No. 6, 15, 39, 41 |

**INTRODUCTION**

This case arises from Sonoma County Superior Court divorce and child-custody proceedings.[1] Those proceedings began in May 2010, when Gary Price Thomas petitioned for divorce from Monica Thomas, his former wife, and for full custody of M.N. Thomas, his daughter.[2] Mr. Thomas now challenges the results of those cases — and officials' decisions and conduct during them — by asserting constitutional and state-law claims against several Sonoma County and court-affiliated defendants. The defendants move to dismiss the case (and for summary judgment) because, among other things, Mr. Thomas's claims are barred by the doctrines of *Rooker–Feldman* and issue preclusion, the statute of limitations, and immunity.

---

[1] *See generally* Compl. – ECF No. 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* ¶ 6.

The court can decide the matters without oral argument and so it vacated the May 25, 2017 hearing.[3] The court grants the defendants' motions because *Rooker–Feldman* precludes federal subject-matter jurisdiction over Mr. Thomas's claims. The court therefore dismisses the case.

**STATEMENT**

**1. State Court Proceedings**

After Mr. Thomas petitioned for divorce and child custody, but before his first court hearing, he met with Family Court Services mediator Beth Wanamaker.[4] He alleges that Ms. Wanamaker discriminated against him, attacked his character and his relationship with M.N., and falsely reported that he had seen M.N. only twice since she was born in 2009.[5] (Mr. Thomas asserts that he "spent months at Kaiser Hospital with [M.N.] and support[ed] her from the day she was born."[6])

Mr. Thomas's first court hearing was on July 21, 2010.[7] During that hearing, he "was handed a restraining order that was granted by James G. Bertoli."[8] It listed Monica Thomas (his wife) as the "protected person," along with two additional family members (including M.N.).[9] He did not get notice of the restraining-order hearing.[10] He also alleges that, at the July 21 hearing, he "received a court order dated June 28, 2010[,] and authored by Beth Wannamaker [sic] (a mediator not a judge) ordering [him] to destroy his parental rights for his child M.N."[11] He also alleges — and appears to take issue with — the defendants' varying use of the words "Defendant," "Petitioner," and "Father" to refer to him at the hearing.[12]

---

[3] *See* ECF Nos. 43–44.

[4] Compl. ¶ 11.

[5] *Id.*

[6] *Id.*

[7] *Id.* ¶ 12.

[8] *Id.* ¶ 12.

[9] *Id.*, Ex. C.

[10] *Id.* ¶ 12.

[11] *Id.* ¶ 13. Mr. Thomas cites Exhibit D to the Complaint but did not actually attach that document.

[12] *Id.* ¶ 14.

Judge Shaffer issued an order after the hearing.[13] In that order, Judge Shaffer granted temporary sole legal and physical custody to Monica Thomas, M.N.'s mother, and concluded that Mr. Thomas "shall have no visits, pending next court date and completion of anger management."[14]

Mr. Thomas was also ordered to pay child support.[15] The Superior Court's minute entries (which Mr. Thomas attaches to his complaint) reflect that, on July 13, 2010, the parties (Mr. and Ms. Thomas) agreed that he would pay $622 in monthly child support.[16] Those records reflect several additional entries, including a March 2013 hearing (leaving child support at $622 per month) and a September 2015 hearing (increasing child support to $924 per month).[17] Mr. Thomas apparently challenges the 2015 increase, which he says was "based on the fact that [he] does not have a relationship with his kidnapped child in the conditions of fraud on the court."[18] He appears to allege that such payments constitute extortion.[19]

Mr. Thomas also takes issue with several other procedural steps related to the state-court proceedings. For example, he appears to contest a clerk's filing of his dissolution petition (and related filing fees) as an answer in the County's case against him, and a clerk's August 2011 letter returning certain of his filings.[20] Mr. Thomas also asserts that he had a court date set for January 10, 2013, but that it was cancelled by Louise Bayles-Fightmaster (because a judgment had been entered in his case).[21] He challenges the decision to drop the hearing (which was done under

---

[13] *See* RJN – ECF No. 7, Ex. D. The court takes judicial notice of the state court's "Findings and Order After Hearing." *See Risso v. Cnty. of El Dorado*, No. 2:07-cv-451-GEB-DAD, 2008 WL 110959, at *1 n.3 (E.D. Cal. Jan. 9, 2008) (judicially noticing Superior Court's "Findings and Order After Hearing," which stated that "[the father] and [the mother] had joint legal custody of [the child] and [the father] had physical custody of [the child]") (citing *Santos v. Cnty. of Los Angeles Dep't of Children & Family Servs.*, 299 F. Supp. 2d 1070, 1075–77 (C.D. Cal. 2004), *aff'd* 200 F. App'x 681 (9th Cir. 2006)).

[14] RJN – ECF No. 7, Ex. D at 32.

[15] *See* Compl. ¶¶ 15, 19, Ex. B.

[16] *Id.*, Ex. B at 15.

[17] *Id.* at 16–17.

[18] Compl. ¶ 15.

[19] *See id.* ¶¶ 15, 35.

[20] *See id.* ¶¶ 7, 11, 29, 35, Exs. B, H.

[21] *See* Compl., Ex. B; *see also* Thomas Affidavit – ECF No. 15 at 1–2.

ORDER — No. 17-cv-00245-LB 3

Sonoma County Local Rule 9.4) as a due process violation under the First, Fifth, and Fourteenth Amendments.[22]

### 2. Federal District Court Proceedings

In 2012, Mr. Thomas filed a complaint in the Northern District of California.[23] In that case, he asserted two claims against Sonoma County, Beth Wanamaker, Veronica Pineda, Daniel Chester, and Judge Shaffer: (1) "deprivation of rights by government employees" under 42 U.S.C. § 1983; and (2) deprivation of rights and racial bias under Cal. Civ. Code § 52.[24] There, Judge Illston dismissed the claims asserted against the County as barred by the statute of limitations and the *Rooker–Feldman* doctrine.[25] Judge Illston dismissed the claims against the individual defendants because Mr. Thomas did not serve them.[26]

Over three years later, Mr. Thomas filed this case. This time he sued Jennifer Obergfell, Sonoma County, and Sonoma County Department of Child Support Services (the "County Defendants"), and Louise Bayles-Fightmaster, James Bertoli, Judge Shaffer, Jose Guillen, Beth Wanamaker, "Clerk of the Superior Court," and Sonoma County Family Services (the "Judicial Defendants"). He asserts five claims against all defendants: (1) deprivation of rights under the First, Fourth, Fifth, and Fourteenth Amendments, 42 U.S.C. § 1983; (2) "[b]reach of [f]iduciary [d]uties by conditions of discrimination, extortion[,] and kidnapping"; (3) conspiracy; (4) "[f]raud upon the court"; and (5) "[m]odern day slavery based on race and sex of Plaintiffs as outlawed by 18 U.S.C. Section 245(b)(2)(B) as well as Title 111 of the 1964 Civil Rights Act."[27]

The County Defendants move to dismiss the complaint under Rule 12(b)(6) and for summary judgment under Rule 56.[28] The Judicial Defendants move to dismiss the complaint, too, under

---

[22] Thomas Affidavit – ECF No. 15 at 1–2.

[23] *See* Case No. 3:12-cv-05607-SI.

[24] *See* Case No. 3:12-cv-05607-SI, ECF Nos. 13, 38 at 2.

[25] Case No. 3:12-cv-05607-SI, ECF No. 38.

[26] Case No. 3:12-cv-05607-SI, ECF No. 39.

[27] Compl. ¶¶ 17–39.

[28] Motion to Dismiss and for Summary Judgment – ECF No. 6.

Rules 12(b)(1) and 12(b)(6).[29] Mr. Thomas opposed the motions[30] and filed two of his own summary-judgment motions.[31]

**GOVERNING LAW**

**1. Rule 12(b)(1) Standard**

A complaint must contain a short and plain statement of the ground for the court's jurisdiction (unless the court already has jurisdiction and the claim needs no new jurisdictional support). Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). A defendant's Rule 12(b)(1) jurisdictional attack can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). Under a facial attack, the court "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In a factual attack, the court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

**2. Rule 12(b)(6) Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under

---

[29] Motion to Dismiss – ECF No. 26.

[30] *See* ECF Nos. 17 & 40.

[31] *See* ECF Nos. 15 & 41.

a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### 3. Leave to Amend

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

# ANALYSIS

## 1. The Court Dismisses M.N. Thomas as an Improper Party

The first issue is the status of M.N., Mr. Thomas's daughter, who is named as a plaintiff. The court previously warned Mr. Thomas that he cannot, as a non-attorney, appear *pro se* on behalf of M.N.[32] *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."); *see also Gonzalez v. Ariz. Dep't of Health Servs.*, No. CV 08-2391-PHX-DGC, 2009 WL 383535, at *1 (D. Ariz. Feb. 13, 1009) (denying without prejudice a *pro se* father's motion to file on behalf of his son). And, because M.N. is a minor child, she cannot represent herself. *See Castillo-Ramirez v. Cnty. of Sonoma*, No. C-09-5938 EMC, 2010 WL 1460142, at *1 (N.D. Cal. Apr. 9, 2010) (citing Fed. R. Civ. P. 17 and Cal. Fam. Code §§ 6502, 6601). The court accordingly asked Mr. Thomas to provide an update about the status of M.N.'s representation.[33]

He did not.[34] The court therefore dismisses without prejudice the claims purportedly brought by M.N. *See Johns*, 114 F.3d at 877–78 (holding that district court should have dismissed complaint without prejudice as to *pro se* parent in his capacity as *guardian ad litem* and without prejudice as to minor child so that the child "may bring th[e] action on his own when he reaches the age of majority").

## 2. *Rooker–Feldman*

The next issue is whether the *Rooker–Feldman* doctrine bars federal-court subject-matter jurisdiction over Mr. Thomas's claims.

Under 28 U.S.C. § 1257, the United States Supreme Court, not the lower federal courts, is vested with appellate jurisdiction over state-court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). Accordingly, "[r]eview of such judgments may be had only in [the Supreme]

---

[32] *See* Order – ECF No. 34 at 1–2.

[33] *Id.*

[34] The court notes that, three days after its order regarding M.N.'s status, Mr. Thomas filed a "Notice and Demand of Supplement Declaration." (ECF No. 38.) That document does not address M.N.'s status.

Court." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Under the *Rooker–Feldman* doctrine, a district court also lacks jurisdiction over a claim amounting to a "de facto appeal" of a state court judgment, which "asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1163–64 (9th Cir. 2003); *see Feldman*, 460 U.S. at 476; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). The *Rooker–Feldman* doctrine is a narrow one. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005). Its application "is confined to cases of the kind from which [it] acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284; *see Skinner v. Switzer*, 562 U.S. 521, 531–32 (2011) (same). But "*Rooker–Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." *Exxon*, 544 U.S. at 284.

When the federal suit is, at least in part, barred by *Rooker–Feldman*, a federal court "must also refuse to decide any issue that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158. A federal claim is inextricably intertwined with a state court decision if its success depends upon a determination that the state court wrongly decided the issue before it. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). Thus, the Ninth Circuit has found claims inextricably intertwined where "'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)); *see also Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012). By contrast, "if a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in the case to which he was a party . . . then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Exxon*, 544 U.S. at 293 (internal quotations omitted). Similarly, *Rooker–Feldman* does not bar federal jurisdiction over federal claims where a state court declined to address the

same claims in state proceedings. *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004); *see also Robinson v. Ayoshi*, 753 F.2d 1468, 1470–71 (9th Cir. 1985), *vacated and remanded on other grounds*, 477 U.S. 902 (1986).

Here, the *Rooker–Feldman* doctrine bars Mr. Thomas's suit. In Mr. Thomas's similar, 2012 case, he argued that the court should "set aside the 'void' state court custody orders." [35] Judge Illston concluded that, "to the extent that [he] seeks to have this Court void any of the state court custody decisions, such relief is foreclosed by the *Rooker–Feldman* doctrine."[36] That decision holds true here, too: Mr. Thomas again "seek[s] an order and declaration that the County of Sonoma ordered judgments . . . did not arise from legally binding authority, and should be voided as a matter of law."[37] It is clear that Mr. Thomas feels he lost in state court, complains of injuries caused by the state-court judgments rendered between 2010 (the initial orders) and 2015 (the order for increased child support), before he filed suit here, and thus asks this court to review and reject those judgments. *See Exxon*, 544 U.S. at 284. This is precisely the type of case that *Rooker–Feldman* forbids. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("Stated plainly, *Rooker–Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.") (internal quotations omitted); *see also Ismail v. Cnty. of Orange*, No. SACV 10-00901 VBF (AJW), 2012 WL 3644170, at *13 (C.D. Cal. June 11, 2012).

The court also lacks jurisdiction under *Rooker –Feldman* to hear his § 1983 damages claims. *See Ismail*, 2012 WL 3644170 at *14 (collecting cases); *see also Sareen v. Sareen*, 356 F. App'x 977, 977 (9th Cir. 2009) (affirming district court's dismissal of parent's "§ 1983 action alleging constitutional violations in connection with his child custody proceedings" because "it [was] a 'forbidden de factor appeal' of a state court decision, and raise[d] constitutional claims that [were] 'inextricably intertwined' with that prior state court decision"); *Grimes v. Alameda Cnty. Soc. Servs.*, No. C 11-02977 WHA, 2011 WL 4948879, at *2 (N.D. Cal. Oct. 18, 2011) (holding that

---

[35] Case No. 3:12-cv-05607-SI, ECF No. 38 at 6.

[36] *Id.* at 6–7.

[37] Compl., Prayer ¶ 2.

ORDER — No. 17-cv-00245-LB   9

the court lacked jurisdiction under *Rooker–Feldman* where "the operative complaint facially assert[ed] constitutional claims" but "its substance challenge[d] the state court's termination of plaintiff's parental rights"). Mr. Thomas's § 1983 claim — which he bases on the defendants' alleged misrepresentations (*i.e.* filing his petition as an answer), extortion (*i.e.* child support and filing fees), kidnapping (*i.e.* child custody), and racial discrimination during the state-court proceedings — is, at its core, an appeal of and inextricably intertwined with the state court's decisions.

And so too are his remaining claims. Those claims include breach of fiduciary duties based on discrimination, extortion, and kidnapping; conspiracy; fraud on the court (based on the clerk's classification of his petition as an answer); and "modern day slavery based on race and sex." For example, Mr. Thomas's kidnapping claim is based on the state court's decision to grant full custody of M.N. to Mr. Thomas's wife.[38] To rule on that claim, this court would have to find that the state court's decision granting custody to Monica Thomas (and any restriction placed on Mr. Thomas's visitation rights) was incorrect. Similarly, his extortion claim appears to be based on court-ordered child support (and the subsequent increase in 2015). (It may also be based on the clerk's alleged misclassification of his petition and the related filing fees.[39]) Again, this court would have to decide that the state court incorrectly ordered such payments (or incorrectly classified his petition). *See Nemcik v. Mills*, No. 16-cv-00322-BLF, 2016 WL 4364917, at *6–*8 (N.D. Cal. Aug. 16, 2016) (holding that *Rooker–Feldman* "does not allow federal courts to review state court child support orders" or hear challenges to the state court's calculation of child support).

In sum, although the complaint asserts various constitutional and state-law claims, the substance challenges the state court's custody and child-support proceedings. The court therefore lacks subject-matter jurisdiction under *Rooker–Feldman* and dismisses the case. And because the court lacks jurisdiction, it denies Mr. Thomas's summary-judgment motions. The court notes that, "[i]f [Mr. Thomas] disagrees with decisions made by the state court, then the proper recourse is

---

[38] *See See* RJN – ECF No. 7, Ex. D at 32.

[39] *See* Compl. ¶ 19.

appeal within the state court system — not collateral attack via a federal court action." *Grimes*, 2011 WL 4948879 at *3.

## CONCLUSION

The court grants the defendants' motions to dismiss for lack of subject-matter jurisdiction under the *Rooker–Feldman* doctrine. The court denies Mr. Thomas's summary-judgment motions.

Because amendment would not cure the jurisdictional defects, the dismissal is without leave to amend. But it is also without prejudice to Mr. Thomas filing his claims (or appealing the state court's decisions) in state court.

**IT IS SO ORDERED.**

Dated: May 25, 2017

LAUREL BEELER
United States Magistrate Judge