United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GARY PRICE THOMAS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF SONOMA, et al.,<br><br>    Defendants. | Case No. 17-cv-00245-LB<br><br>**ORDER**<br><br>Re: ECF Nos. 49 & 50 |

The court previously granted the defendants' motions to dismiss and dismissed this case under the *Rooker–Feldman* doctrine.[1] The court decided the motions, including Mr. Thomas's summary-judgment motions, on the parties' submissions without oral argument under Local Rule 7-1(b).[2] After granting the defendants' motions, the court entered judgment in their favor and against Mr. Thomas.[3]

---

[1] *See* Order Granting Motions to Dismiss – ECF No. 45. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See id.* at 2; Clerk's Notice – ECF No. 43.

[3] Judgment – ECF No. 46. The court also dismissed without prejudice the claims purportedly brought by minor M.N. Thomas. *See* Order Granting Motions to Dismiss at 7; *see also* Order – ECF No. 34 at 1–2.

ORDER – No. 17-cv-00245-LB

1    Fourteen days later, Mr. Thomas filed two new motions: (1) "Motion for Summary Judgment Oral Hearing Date," and (2) "Motion for Response to Judicial Defendants Response."[4] From those motions, the court can discern two possible requests.

First, Mr. Thomas asks for a hearing on the already-decided motions to dismiss and motions for summary judgment.[5] He even proposes a date: July 13, 2017.[6] But the court denies the request. The court, in its discretion, decided the parties' motions without oral argument. Civil L.R. 7-1(b) ("In the Judge's discretion . . . a motion may be determined without oral argument . . . ."). There is no need for a hearing.

Second, liberally construed, Mr. Thomas appears to request reconsideration of the court's order dismissing his case. For example, the court decided that it lacks subject-matter jurisdiction over Mr. Thomas's claims under the *Rooker–Feldman* doctrine,[7] but Mr. Thomas urges that the court has jurisdiction over his civil-rights claims under 28 U.S.C. §§ 1331 and 1343.[8] He also asserts that the defendants' motions to dismiss were unconstitutional, that he challenges the state-court divorce and child-custody decisions as void for lack of jurisdiction, and that "[i]t is clear and well established law that a void order can be challenged in any court."[9]

A district court can "reconsider" final judgments or appealable interlocutory orders under Federal Rules of Civil Procedure 59(e) (governing motions to alter or amend judgments) and 60(b) (governing motions for relief from a final judgment). *See Balla v. Idaho Bd. of Corr.*, 869 F.2d 461, 466–67 (9th Cir. 1989). Reconsideration is appropriate when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dist. No. 1J, Multnomah County,*

---

[4] Motion for Hearing Date – ECF No. 49; Motion for Response – ECF No. 50.

[5] *See* Motion for Hearing Date at 1.

[6] *Id.*

[7] Order Granting Motions to Dismiss at 10–11.

[8] Motion for Hearing Date at 1–2.

[9] Motion for Response at 1–2.

*Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.*

Under this District's Civil Local Rules, a party seeking reconsideration must first request permission from the court before filing a motion for reconsideration. Civil L.R. 7-9. In seeking permission, the party must show that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court, (2) there has been an emergence of new material facts or a change in law since the court issued the order, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented. *Id.* 7-9(b). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." *Id.* 7-9(c).

Here, Mr. Thomas has not satisfied this standard. He has not shown a material difference in law or fact that was not previously presented to the court, an emergence of new facts or a change in the law since the court's order, or that the court's dismissal was in clear error, manifestly unjust, or unresponsive to dispositive legal arguments. He instead simply argues that the state court lacked jurisdiction and that he can challenge that deficiency at any time. But, even if the state court lacked jurisdiction, he cannot appeal those decisions to this federal district court — as explained in the court's order dismissing the case, *Rooker–Feldman* bars such "appeals."[10] He cites *Old Wayne Mutual Life Association v. McDonough* for the proposition that "[i]t is clear and well established law that a void order can be challenged in any court."[11] 204 U.S. 8 (1907). But *Old Wayne* "vacated for lack of due process a state court judgment that had been affirmed by the Supreme Court of Indiana — it does not allow a federal district court to review a state court judgment." *Schwartz v. Bank of Hawaii Corp.*, No. 12-00267 JMS-KSC, 2012 WL 3841294, at *6 n.4 (D. Haw. Sept. 4, 2012) (holding that *Rooker–Feldman* barred action brought to void a state-court foreclosure judgment). The court finds that the other cases he cites are similarly

---

[10] *See* Order Granting Motions to Dismiss at 7–12.

[11] Motion for Response at 2.

ORDER – No. 17-cv-00245-LB 3

unpersuasive (to the extent the court can find them — not all of the citations are accurate). The court denies Mr. Thomas's challenge to (or, request to reconsider) the court's order dismissing the case.

The court denies Mr. Thomas's motions filed at ECF Nos. 49 and 50.

**IT IS SO ORDERED.**

Dated: June 9, 2017

LAUREL BEELER
United States Magistrate Judge